**STATE of Maine**

v.

**Michael PRIEST.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 1, 1992.

Decided Oct. 20, 1992.

William R. Anderson, Dist. Atty., Leanne Zainea, Asst. Dist. Atty., Rockland, for the State.

James W. Strong, Rockland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

ROBERTS, Justice.

Michael Priest's appeal from his judgment of conviction entered in Superior Court (Knox County, *Brodrick, J.*) presents the single question whether 17–A M.R.S.A. § 1256(1) (Supp.1991) requires that his sentence be consecutive to all sentences imposed prior to his conviction. Because the trial court correctly interpreted section 1256, we affirm the judgment.

In January 1990, while serving concurrent 8–year sentences, Priest committed the offense of trafficking in prison contraband, 17–A M.R.S.A. § 757. In June 1990, Priest was convicted of robbery and sentenced to a 12–year term concurrent with the 8–year sentences he was then serving. In February 1992, Priest pleaded guilty to the trafficking offense and was sentenced to 9 months and one day consecutive to all sentences then being served. Because the trial court ruled that section 1256 required the sentence to be consecutive to the 12–year sentence, and stated that otherwise it would have been concurrent, the issue is preserved for our review. Section 1256(1) provides in pertinent part:

> [W]hen a person subject to an undischarged term of imprisonment is convicted of [trafficking in prison contraband] ... the sentence shall run consecutively to the undischarged term of imprison-

ment.... All sentences that the convicted person receives as a result of the [trafficking] shall be consecutive to all other sentences.

Priest concedes, as he must, that the trafficking sentence must be consecutive to the 8–year sentences he was then serving. He contends, however, that the Legislature did not intend that the trafficking sentence must be consecutive to a sentence that had not been imposed when he committed the offense. Priest argues that the legislative purpose not to allow such an offense to go unpunished is adequately served by requiring the sentence to be consecutive with sentences being served at the time of the offense.

■ The plain language of section 1256 prevents our adoption of Priest's interpretation. The section speaks as of the date of conviction, and not the date of the offense. Any sentences imposed for the crimes cited in section 1256 must run consecutively to any undischarged term of imprisonment to which the defendant is subject at the time of his conviction.

The entry is:

Judgment affirmed.

All concurring.